UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DERRICK RAMONE BURROUGHS, sui juris, Private American National - Beneficiary,<br><br>                       Plaintiff,<br><br>          -against-<br><br>BANK OF AMERICA, N.A., et al.,<br><br>                     Defendants. | 25-CV-3127 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. On May 16, 2025, the Court dismissed the complaint for Plaintiff's failure to pay the filing fee or submit an *in forma pauperis* application, as he had been directed to do.[1] Plaintiff thereafter submitted several applications, including a "Motion to Honor Disbursement of Unrebutted Private Bond, Enforce Redaction, Correct Record Categorization, and Reaffirm the Judicial Power Vested in the People Under Article III," and a "Declaration Of Ripening And Demand For Ministerial Execution." (ECF 25-27.) Plaintiff seeks "to immediately process the disbursement of the unrebutted Bond on record."[2] (ECF 27 at 3.)

After reviewing the arguments in Plaintiff's submissions, the Court liberally construes Plaintiff's applications as motions, under Rule 60(b) of the Federal Rules of Civil Procedure, to vacate the order of dismissal and reopen this matter to order the relief that he seeks. For the reasons set forth below, the Court denies the motions.

---

[1] In response to the Court's deficiency order, Plaintiff argued that he was not required to pay the filing fee or submit an IFP application. (ECF 8 at 1 ("The court's current request for a fee directly contravenes [Plaintiff's] expressed notice, and constitutes a material breach of the conditions under which this chamber proceeding was authorized . . . .").)

[2] Plaintiff has also filed a notice purporting to show that service on Defendants was effected. (ECF 24.) However, no summonses were issued by the Court in this matter, and thus proper service of the summons and complaint has not been effected.

**DISCUSSION**

Under Rule 60(b) of the Federal Rules of Civil Procedure, a party may seek relief from a

district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence that, with reasonable diligence, could not have been discovered in time
> to move for a new trial under Rule 59(b); (3) fraud (whether previously called
> intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing
> party; (4) the judgment is void; (5) the judgment has been satisfied, released, or
> discharged; it is based on an earlier judgment that has been reversed or vacated; or
> applying it prospectively is no longer equitable; or (6) any other reason justifying
> relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one

year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P.

60(c)(1).

Plaintiff makes several requests. First, he requests that the Court compel the "immediate

disbursement of a Private Bond" that he claims was lawfully deposited into the case. He argues

that because the document remains unrebutted, it is a binding and lawful settlement instrument.

There is no meritorious legal theory on which Plaintiff can rely to support this claim, and this

argument does not provide any basis to reconsider the order of dismissal without prejudice.

Second, Plaintiff seeks "reclassification of previously filed documents," which he claims

were wrongly categorized as "letters" on the docket instead of as binding, notarized declarations,

private orders, or abatement instruments. He requests formal acknowledgment that these are

binding and unrebutted, and for the Court and Clerk to correct the docket accordingly.  This

argument does not provide any ground for relief. Whether notarized or not, these documents do

not provide any basis to reconsider the dismissal without prejudice.

Third, Plaintiff demands that the Court reaffirm that the judicial power under Article III is

"vested in the People," and specifically in him as the "beneficiary and principal." He issues

2

directives under what he claims is a "private notarial authority," insisting that the Clerk and Judge must comply as ministerial functionaries without exercising discretion, and that all such directives issued should be honored and respected by the Court. Plaintiff seeks a formal statement from the Court acknowledging errors in record handling and privacy protection.

In his motions, Plaintiff espouses his own laws and rules. The Sovereign Citizen movement has been described as "a loosely affiliated group who 'follow their own set of laws' and, accordingly, 'do not recognize federal, state, or local laws, policies or regulations' as legitimate." *United States v. DiMartino*, 949 F.3d 67, 69 (2d Cir. 2020). The theories presented here and similar theories have been rejected as meritless. *Id.*; *see also Muhammad v. Smith*, No. 13-CV-0760 (MAD) (DEP), 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) (describing the "redemptionist" theory and the related "sovereign citizen" theory as meritless legal theories that have been consistently rejected by federal courts "as frivolous and a waste of court resources"); *Paul v. New York*, No. 13-CV-5047 (SJF) (AKT), 2013 WL 5973138, at *3 (E.D.N.Y. Nov. 5, 2013) (holding that "sovereign citizens" are "subject to the laws of the jurisdiction in which they reside") (citation omitted); *Charlotte v. Hanson*, 433 F. App'x 660, 661 (10th Cir. 2011) (rejecting the sovereign citizen theory as having no conceivable validity in American law) (citation omitted). The theories on which Plaintiff relies are meritless and have no lawful validity.

Fourth, Plaintiff asks the Court to retrospectively seal the entire case and redact all documents and exhibits that contain "private personal or trust-related information," citing violations of privacy and alleged failures to comply with Rule 5.2 of the Federal Rule of Civil Procedure regarding the protection of sensitive information. Rule 5.2 obliges filers not to include certain information in their pleadings, including full account numbers, social security numbers, or birth dates. Under Rule 5.2(h) a person waives the protection of this rule by filing his own

3

personal information without redaction. Here, Plaintiff has not identified particular information that he seeks to redact or offered a proposed redacted filing. Plaintiff has waived the protection of Rule 5.2 by filing unredacted documents, and he does not show good cause for sealing this matter.

In summary, the Court has considered all of Plaintiff's arguments, and even under a liberal interpretation of his motions, Plaintiff fails to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff fails to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motions (ECF 25-27) are denied. The Clerk of Court is directed to terminate all pending motions in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    February 10, 2026
          New York, New York

                     /s/ Laura Taylor Swain
                      LAURA TAYLOR SWAIN
                Chief United States District Judge